UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LeRay S. Gibson, | ) | CASE NO. 5:12 CV 140 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| Joseph Kury, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff LeRay S. Gibson filed this action against Defendants Joseph Kury and "Section 8 AMHA Housing Authority."  In the Complaint, Plaintiff alleges Defendants failed to address mold and rodent issues in her residence and that Defendant Kury removed her from her home against her will and took her to the hospital.  Plaintiff does not state what relief she is seeking.

Plaintiff also filed a Motion to proceed *in forma pauperis* (Doc. 2).  That Motion is granted.

## I. Background

The Complaint is unclear but it appears that Plaintiff is a participant in the Section 8 Housing Program and is a tenant of a residential property located at 860 Fried Street in Akron, Ohio. It also appears that Defendant Kury is Plaintiff's landlord.  The Complaint alleges generally that Defendants failed to address the presence of mold and rodents in the Fried Street residence.  Plaintiff also appears to allege that Defendant Kury and "medical respond [sic] employees" removed her from her home against her will and took her to the hospital.  In its entirety, the Complaint alleges the following:

Health Dept orders Black mole [sic] in basement walls and bathroom Green mole [sic] on front window and on siding wood strips on the roof.  The Housing Authority paid Joseph Kury monies in 7/2011 to place a steel roof on the House. There was a lot of loud noise that was very nerve conditions. Joseph Kury never repay me any money that the Housing Authority tell him to I never get reimbursed anything since 2008. There is a lot of noise at night and during the day from animals that come in from the roof. Joseph Kury kick in the side door and his a medical respond employee and hit and kick in my bedroom door and place me in the Hospital. This has happen several times. In July of 2011 the Housing Authority Inspectioner did not even write any orders about the black mole [sic] and the plumbing in the kitchen sink in the basement ceiling the wood is wet and has been for 4 years.

(Doc. 1).

Plaintiff subsequently filed two letters with this Court. (Doc. 3, 4).  In the first letter (Doc. 3), Plaintiff states that Defendant Kury, the "emergency fire vehicle," and the police forced her out of her residence and took her to Akron General Medical Center.  She states she was later moved to North Coast Behavioral Health Care System, which is a psychiatric hospital. (Doc. 3).  Plaintiff's second letter to this Court is a collection of seven typed documents, dated variously from March 16 through March 21, 2012.  (Doc. 4).  These documents are difficult to understand.  Plaintiff appears to raise a variety of complaints about the medical care she received at North Coast Behavioral, including that (1) the doctors/social workers wear their name tags backward; (2) the doctors don't like her or her daughter; and (3) her room is dirty and exposed her to bedbugs and head lice.  (Doc. 4 at 8).  She also complains generally about the care she has apparently received at some point from Portage Path Emergency Services, the Akron General Medical Center, St. Thomas Hospital, the Heartland Healthcare Behavior Center, and an unidentified "Community Support Service Agency." (Doc. 4 at 2-8).  She claims these entities, and the doctors and nurses who work there, are prejudiced against her and harmed her when drawing blood.  (Doc. 4 at 4-5).  She further claims she is an African-American single mother with five children and that she has complaints about the Akron

Children's Medical Center.  (Doc. 4 at 5).   Finally, she states Defendant Kury damaged her car when he was  making repairs to her residence.  (Doc. 4 at 1).

Plaintiff does not identify the legal basis for any of her claims, nor does she identify the relief she is seeking.

## II.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned,

---

[1]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

**A.     Defendant Joseph Kury**

Defendant Kury appears to be the owner of the 860 Fried Street residence and Plaintiff's landlord.  Plaintiff claims she experienced mold and rodent issues at this residence and that Defendant Kury failed to adequately address these problems.  She also asserts Defendant Kury forcibly removed her from her home against her will and took her to the hospital for medical treatment.  (Doc. 1).  In one of her letters to this Court, Plaintiff also suggests Defendant Kury damaged her car while performing repairs at the residence. (Doc. 4 at 1).

The presence or absence of jurisdiction to hear a case is the "first and fundamental question presented by every case brought to the federal courts."  *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).  *See also Farmer v. Fisher*, 2010 WL 2925935 at *2 (6th Cir. July 28, 2010). Accordingly, the Sixth Circuit has instructed that "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."  *Answers in Genesis of Ky., Inc. v. Creation Ministries Intern.*, Ltd., 556 F.3d 459, 465 (6th Cir. 2009).  This analysis is shaped by the well-known principle that "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."  *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003).  The party who seeks to invoke a federal district court's

jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Under 28 U.S.C. § 1331, the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff herein does not cite to any federal statute or constitutional provision in support of her claims. Even liberally construed, the Complaint does not contain any allegations reasonably suggesting Plaintiff might have a valid federal claim against Defendant Kury.

Nor can Plaintiff demonstrate the existence of diversity jurisdiction under 28 U.S.C. § 1332. That statute provides that "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332(a)(1). "This statute and its predecessors have consistently been held to require *complete* diversity of citizenship." *Owens Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (citing *Stawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)) (emphasis added). That is, federal diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). In the instant case, Plaintiff has neither alleged the existence of complete diversity of jurisdiction, nor that the amount in controversy exceeds $75,000.

Accordingly, the Court finds that Plaintiff's claims against Defendant Kury are subject to dismissal pursuant to 28 U.S.C. § 1915(e).

**B.    Defendant "Section 8 AMHA Housing Authority"**

Plaintiff does not clearly identify this Defendant, but it appears she intends to name the Akron Metropolitan Housing Authority ("AMHA") as a Defendant in this matter. She claims

5

generally that the Housing Authority Inspector failed to "write any orders" about either the mold problem or the alleged problems relating to the basement walls and the plumbing in the kitchen sink. (Doc. 1). Plaintiff does not cite to any federal statute or constitutional provision in support of (or otherwise identify the legal basis for) her claims against this Defendant.

A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions not squarely presented to them or to construct full blown claims from sentence fragments. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985); *Crawford v. Crestar Foods*, 2000 WL 377349 at * 2 (6th Cir. April 6, 2000). To do so would require the courts "to explore exhaustively all potential claims of a *pro se* plaintiff . . . [and] would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. Moreover, a plaintiff's failure to identify a particular legal theory in his or her Complaint places an unfair burden on defendants to speculate about the potential claims that a plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Even liberally construed, the Complaint in the instant case fails to sufficiently plead federal constitutional or statutory claims relating to this Defendant. Plaintiff does not identify any legal basis for her claims against Defendant AMHA, placing that Defendant in the untenable position of having to speculate about potential claims Plaintiff might be raising. Accordingly, the Court finds Plaintiff's claims against Defendant "Section 8 AMHA Housing Authority" are dismissed pursuant

to § 1915(e).[2]

**C.  Plaintiff's Letters to this Court**

As set forth above, subsequent to filing her Complaint, Plaintiff submitted several letters to this Court.  (Docs. 3, 4).  The purpose of these letters is unclear.  Portions of these letters appear to be intended to supplement the allegations in her Complaint.  In her second letter to his Court, Plaintiff appears to identify a number of additional individuals, doctors, nurses, social workers, medical centers, and emergency service providers as Defendants. (Doc. 4).

The Court does not recognize either of these letters as an Amended Complaint.  They are not  captioned as such, nor do they clearly state any intention to supercede Plaintiff's original Complaint.  Moreover, even if it were to consider the allegations raised in these letters, the Court would nevertheless dismiss Plaintiff's claims.  Plaintiff fails to clearly identify any federal statute or constitutional provision in support of her claims against any of the numerous individuals or entities listed in her letters.   Even liberally construed, these letters do not contain any allegations reasonably suggesting Plaintiff might have a valid federal claim against any of the individuals or entities identified therein.

**D.  State law claims**

---

[2]     Even if this Court were to very liberally construe the Complaint as raising a civil rights claim against Defendant AMHA under the United States Housing Act of 1937, 42 U.S.C. §§ 1437-1437bb ("USHA") and/or the administrative regulations promulgated pursuant to that statute, the Court would nevertheless find such claims to be subject to summary dismissal pursuant to § 1915(e).  The Sixth Circuit has held that USHA provisions relating to Section 8 Housing, and administrative regulations promulgated pursuant to that statute regarding housing quality standards, do not create individual rights enforceable in civil rights actions brought pursuant to 42 U.S.C. § 1983.  *Johnson v. City of Detroit*, 446 F.3d 614, 625-629 (6th Cir. 2006).

As Plaintiff has failed to demonstrate the existence of either federal question or diversity jurisdiction,  this Court declines to exercise supplemental jurisdiction over any potential state law claims in this case pursuant to 28 U.S.C. § 1367(c).  Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction).  Accordingly, to the extent any of Plaintiff's claims are asserted under state law, they are subject to summary dismissal under § 1915(e).

## IV. Conclusion

Accordingly, Plaintiff's federal claims are dismissed with prejudice pursuant to 28 U.S.C. §1915(e).  Plaintiff's state law claims are dismissed with prejudice pursuant to 28 U.S.C. § 1367(c).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

Date: 4/30/2012                                  /s/John R. Adams
                                                 JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE

_____

[3]        28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

8